UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES T. MURZIKE,
FDOC Inmate #L07713,
     Plaintiff,

v.                                   Case No. 3:24cv221/LAC/ZCB

W. GIELOW, et al.,
     Defendants.
                            /

## **REPORT AND RECOMMENDATION**

Plaintiff James T. Murzike is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. (Doc. 1). After reviewing Plaintiff's complaint, the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because Plaintiff has abused the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1]   Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history.   *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court.  (Doc. 1 at 20-22).  Question C asked Plaintiff if he had "filed any other lawsuit in

---

[1] A raft of Eleventh Circuit cases say the same thing.  *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." (*Id.* at 21).  Plaintiff checked "yes" and disclosed 24 cases in response to Question C.  (*Id.* at 21, 24-25).  As explained below, however, this list is incomplete.  At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury that the foregoing (including all continuation pages) is true and correct."  (*Id.* at 22, 25).

Plaintiff, therefore, certified that at the time he filed this case on May 16, 2024, he had not filed any other lawsuit in federal court that related to the conditions of his confinement other than the cases he had listed.[2]  The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A to determine whether it is subject to dismissal for any of the grounds listed in that statute, including maliciousness.  Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form.  According to the Court's docket, Plaintiff commenced

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

the following actions prior to filing his complaint in this case:

- *Murzike v. Quinn*, 3:24cv196 (N.D. Fla.). This case was opened May 3, 2024 and challenged the conditions of Plaintiff's confinement at his current institution (Santa Rosa Correctional Institution) by alleging that correctional officers retaliated against him, subjected him to false disciplinary reports, forced him to masturbate for food, allowed other inmates to poison his food, starved him, and deprived him of medical care. (Case No. 3:24cv196, Doc. 1 at 1-23).

- *Murzike v. Ellis*, 3:24cv197 (N.D. Fla.). This case was opened May 7, 2024 and challenged the conditions of Plaintiff's confinement at Santa Rosa C.I. by alleging that correctional officers and medical staff deprived him of medical care. (Case No. 3:24cv197, Doc. 1 at 1-13).

How does the Court know that this James Murzike and the James Murzike that commenced the above cases are one and the same? The plaintiff in those cases listed FDOC Inmate #L07713 on his initial filings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

Plaintiff did not disclose the two cases listed above anywhere on the complaint form.   Since these cases related to the conditions of his confinement, they should have been disclosed in Question C.

The prior litigation portion of the complaint form serves important purposes.  First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision.  Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit.  Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge.  These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at \*3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").  His alleged separation from his legal materials and lack of memory also do not excuse

his untruthfulness.[3]    *See Burrell*, 857 F. App'x at 624-25 (affirming

dismissal for failure to disclose even though prisoner claimed that he

lacked full memory about the omitted lawsuit); *Shelton v. Rohrs*, 406 F.

App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner

failed to disclose four previous civil actions and finding that even if

prisoner did not have access to his legal materials, he would have known

that he filed multiple previous lawsuits).  The Court is concerned that if

misrepresentations on the complaint form are not met with

consequences, then word will spread throughout the prisons that the

complaint forms need not be truthfully completed.  *See Rodriguez v. Inch*,

No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the

requirement for prisoner plaintiffs to disclose their prior lawsuits is to

serve its purpose, a plaintiff must provide accurate information.  If word

got around the prisons that inaccurate or incomplete information could

be provided with no effective sanction, the form would serve little

purpose.").

---

[3] At the end of Plaintiff's list of prior lawsuits, he alleged that his legal
work and documents had been lost and destroyed by prison officials, and
that he had listed prior cases "to the best of his knowledge."  (Doc. 1 at
24)

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form.  He did so, despite having at least one previous case dismissed for failure to disclose his litigation history.  *Murzike v. Spear*, 3:22cv1467 (N.D. Fla. June 21, 2022).  Consistent with the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[4]

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this case be **DISMISSED without prejudice** as malicious and an abuse of the judicial process, pursuant to 28 U.S.C. § 1915A(b)(1);

2.    All pending motions be **DENIED as moot**; and

3.    The Clerk of Court be directed to enter judgment accordingly and close this case.

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

At Pensacola, Florida, this 22nd day of May 2024.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.